## WERCKMEISTER v. AMERICAN LITHOGRAPHIC CO. et al.

(Circuit Court, S. D. New York. December 5, 1903.)

1. COPYRIGHTS—PUBLICATION—PLEADING—EVIDENCE.

Where, in a suit for infringement of a copyright, defendant pleaded a publication of the original painting without marking the same as required by law, by exhibiting it at the Royal Academy, evidence of the exclusiveness of such exhibition was admissible without amendment of the bill bringing forward such allegations as would avoid the effect of the exhibition alleged by the plea to amount to a publication.

2. SAME—PAINTINGS—NOTICE OF COPYRIGHT—INSCRIPTION ON ORIGINAL.

Rev. St. § 4962, as amended by Act June 18, 1874, c. 301, 18 Stat. 78 [U. S. Comp. St. 1901, p. 3411], provides that no person shall maintain an action for the infringement of his copyright unless he shall give notice thereof, if it be a painting, by inscribing upon some visible portion thereof a notice of the copyright. Held, that where a bill for the infringement of a copyright on a painting alleged that after taking out the copyright plaintiff began the publication of the painting, and printed and continued to print copies, on every one of which was printed the word "Copyright," etc., and defendant filed a plea to the whole bill, alleging a prior publication of the original painting without being inscribed with notice of the copyright, the plea was sufficient to defeat the bill.

In Equity.

Antonio Knauth, for plaintiff.

William A. Jenner, for defendants.

WHEELER, District Judge. The bill alleges that the "orator for several years prior to the year 1894, and ever since said year, has

done business under the name of Photographische Gesellschaft, at Berlin, Germany"; "that shortly previous to the 2d of April, 1894, one W. Dendy Sadler, a British subject, invented, designed, and painted a certain painting called 'Chorus'; that said painting shows a group of gentlemen sitting and standing around a punch bowl, and holding pipes and filled glasses in their hands and singing in chorus"; that Sadler about April 2, 1894, assigned to the orator "the sole liberty and right of printing, reprinting, publishing, completing, copying, executing, finishing, and vending said painting"; that the "orator before the publication thereof in this or any foreign country, to wit, on the 16th day of April, 1894, delivered to the Librarian of Congress, at his office at Washington, District of Columbia, a description of said painting, to wit, 'Chorus,' W. Dendy Sadler, 'a company of gentlemen with filled glasses singing in chorus,' and also a photograph thereof"; that "about the 1st day of June, 1894, and not before, your orator began the publication of said painting in this country and in foreign countries"; and that the "orator has printed and continues to print therefrom copies of said painting, and has duly given notice of your orator's copyright, as is required by law, by inscribing upon a visible portion of every copy of said painting published by your orator the word 'Copyright,' together with the year the copyright was entered, and the name of the party by whom it was taken out, thus: 'Copyright, 1894, by Photographische Gesellschaft.' "

The defendants, pleading "to the whole of said bill, say, upon information and belief, that the said painting 'Chorus,' alleged in the bill of complaint herein to have been copyrighted by complainant herein on the 16th day of April, 1894, was publicly exhibited by the author and proprietor thereof at the exhibition of the Royal Academy of Arts, held in the city of London, England, from the first Monday of May, in the year 1894, to the first Monday of August, in the same year, both days inclusive, and continuously during said period, and was during the whole of said period exhibited to the public and published, and that there was not at any time during the said exhibition, nor before, nor at any time since, any notice of the said copyright inscribed upon some visible portion of the said painting, or on the substance on which the same was mounted, as required by the statute in such case made and provided, and that such exhibition and publication was with the knowledge, consent, and permission of the complainant, and the said Sadler, the author and proprietor of said painting."

This plea has been traversed, and testimony taken, which well shows that the painting was exhibited at the Royal Academy of Arts in London, as set forth in the plea, and also that admission to the exhibition was by tickets paid for, and that copies of this or other exhibits would not be allowed to be, and were not, taken.

The defendants insist that evidence of the exclusiveness of the exhibition is not admissible upon this traverse of the plea without an amendment of the bill bringing forward what would avoid the effect of the exhibition set up by the plea. But the substance of the issue is the publication, and, while the defendants could show what would

amount to a publication, the plaintiff would seem to have a right to show that it did not. The question arose upon the defendants' evidence in support of the plea, which the plaintiff would be entitled to meet by contradicting its effect.

By the statutes (section 4952) the proprietor of a painting may have a copyright, but by section 4956 "no person shall be entitled to a copyright unless he shall on or before the day of publication in this or any foreign country deliver at the office of the Librarian of Congress, or deposit in the mail within the United States addressed to" him, "a description of the painting"; and by section 4962, as amended by chapter 301, Act June 18, 1874, 18 Stat. 78:

"No person shall maintain an action for the infringement of his copyright unless he shall give notice thereof by inserting in the several copies of every edition published, on the title page or the page immediately following, if it be a book; or if a map, chart, musical composition, print, cut, engraving, photograph, painting, drawing, chromo, statue, statuary, or model or design intended to be perfected and completed as a work of the fine arts, by inscribing upon some visible portion thereof, or of the substance on which the same shall be mounted, the following words, viz.: 'Entered according to act of Congress in the ———, by A. B. in the office of the Librarian of Congress at Washington,' or at his option the word 'Copyright' together with the year the copyright was entered, and the name of the party by whom it was taken out; thus 'Copyright, 18—, by A. B.'" U. S. Comp. St. 1901, pp. 3406, 3407, 3411.

The substance of the plea, in view of these statutes, is that the painting was published without being itself marked or inscribed as copyrighted. That it is shown not to have itself been so marked during the time of the exhibition and since is clear, and not disputed in evidence or argument. The copies only were marked.

The plea is to be considered and construed in connection with the bill. If the exhibition amounted to a publication, it began and became a full publication before the copyright, which would be contrary to section 4956, and defeat the copyright, and defeat any action on the copyright because the painting was not marked according to section 4962 as amended. If not, the allegation quoted from the bill, that the orator began publication about the 1st day of June, within the time in question, shows a publication which need not be proved. The truth of the plea in connection with the bill is therefore made out by the proofs. That this is all that is required on the traverse of a plea is elementary and admitted. As the plea is to the whole bill, that must be dismissed.

Motion to suppress overruled, plea sustained, and bill dismissed.